IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.  CRIMINAL NO. 1:09cr100WJG-RHW-2
 CIVIL ACTION NO. 1:12cv191WJG

WAYNE ROGERS

O R D E R

THIS CAUSE comes before the Court on the motion [146] filed on June 13, 2012, by Wayne Rogers [Rogers] to vacate [146] his conviction pursuant to 28 U.S.C. § 2255. Rogers also filed a subsequent motion [147] to vacate and an incorporated memorandum on July 16, 2012. After due consideration of the record in this cause, the Court finds as follows.

Rogers contends that his constitutional rights were violated due to ineffective assistance of counsel rendered by his attorney, Thomas Royals. (Ct. R., Doc. 146, p. 4.) Rogers asserts that he was not notified of an initial plea bargain offered to his wife and codefendant, Latanicia Rogers, by the United States. (*Id*.) He claims he would have pursued a plea agreement if he had known the details of this plea agreement. (*Id*.)

Rogers also claims that Royals was ineffective for failing to object to "denial of Latanicia Rogers' affidavit which had reliable statements that could have favored/helped Movant in his defense . . . ." (*Id*.) Rogers also claims that Royals was ineffective for failing to object to "the Court's 'coerced' admonition if Latanicia Rogers' affidavit was filed that 'she would not get

acceptance of responsibility'" which Rogers asserts constituted "judicial misconduct."  (*Id.*)

The motion to vacate filed on July 16, 2012, advances these same arguments in the form of a memorandum.  (Ct. R., Doc. 147.)  Rogers repeatedly references the brief of his co-defendant.  Rogers contends that he would have received a lesser sentence if he had known the terms of a plea agreement offered to his co-defendant, although he acknowledges the terms of this agreement were not offered to him.  (*Id.*, pp. 5-6.)  Rogers argues that Royals did not inform him of "an offered plea agreement."  (*Id.*)

Royals submitted an affidavit in which he asserts that these co-defendants were in trial in Jackson, Mississippi, in a case involving separate charges, when the Assistant United States Attorney [AUSA] agreed to seek a continuance of that trial to offer Wayne Rogers a plea agreement in which he would testify in the Jackson case in exchange for dismissal of the case pending before this Court.  (Ct. R., Doc. 150, p. 1; 3:08cr171WHB-FKB.)  According to Royals, Rogers declined to accept the offer in several attempts to negotiate a plea.  (Ct. R., Doc. 150, p. 2.)  A hearing was held September 7, 2012, in which the co-defendants were questioned regarding any plea offer presented in either the case in Jackson or the instant case.  (Ct. R., Doc. 145.)  The AUSA indicated that Rogers would be required to testify in both cases; would enter a guilty plea to a misprison in this case and that the case pending in Jackson would be dismissed.  (Ct. R., Doc. 145, p. 4.)  Rogers testified in the hearing that he was aware of the offer but confused about the terms of the offer.  (*Id.*, p. 5.)  Rogers further testified that the offer was communicated to him and he "probably misinterpreted it."  (*Id.*, p. 9.)  The presentence report in this case indicates that no plea agreement was offered to Rogers in this case.  (Ct. R., Doc. 110 [SEALED], p. 21.)

According to Royals, an affidavit prepared by Latanicia was offered in which she stated that Rogers never conspired to commit fraud as charged in count one of the Indictment or embezzle Medicare funds as charged in count seven of the Indictment. (Ct. R., Doc. 147-1.) Rogers filed a motion for severance following the close of the United States' case in chief, based on this affidavit. (Ct. R., Doc. 147-2, p. 1.) Latanicia withdrew the affidavit after a side bar between her counsel and the Court conducted a side bar discussion with Latanicia's attorney, admonishing her that the affidavit may impact a finding of acceptance of responsibility at sentencing proceedings, if those proceedings were necessary. (Ct. R., Doc. 123, pp. 128-130.) Jury trial was held in the case from May 18 to May 25, 2010. (Ct. R.) The convictions were affirmed following appeal. *United States v. Rogers*, 428 Fed. App'x 315 (5th Cir. 2011), *cert. denied* 132 S.Ct. 314.

## Discussion

An attorney renders constitutionally ineffective assistance where his performance was deficient and prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A criminal defendant has the right to effective assistance of counsel during plea bargaining, and defense counsel has "the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye,* ___ U.S. ___, 132 S.Ct. 1399, 1408 (2012). Providing counsel to assist a defendant in deciding whether to plead guilty is "'[o]ne of the most precious applications of the Sixth Amendment.'" *United States v. Grammas,* 376 F.3d 433, 436 (5th Cir. 2004).

Essentially, Rogers contends that Royals was ineffective in his representation of Rogers during plea discussions with the United States. According to the affidavits submitted in this

case, the United States' offer was clearly communicated to Rogers. "To establish an ineffective assistance claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's poor performance the result of the proceeding would have been different." *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). Rogers must establish that he was prejudiced as a result of Royals' performance. *Strickland,* 466 U.S. at 687–8. To establish prejudice, Rogers must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"; that is, he would have entered a guilty plea and that guilty plea would have resulted in a lesser sentence. *Strickland,* 466 U.S. at 694. Before deciding whether to plead guilty, a defendant is entitled to "effective assistance of competent counsel." *McMann v. Richardson,* 397 U.S. 759, 771 (1970). For the deficiency prong, counsel's performance is to be accorded "'a heavy measure of deference.'" *Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1408 (2011); *see Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011), *cert. denied* 132 S.Ct. 1100 (2012).

A defendant has no constitutional right to receive a plea offer from the government. *Weatherford v. Bursey,* 429 U.S. 545, 560–1 (1977). The decision of whether to offer a plea agreement and the terms included in that agreement are matters of prosecutorial discretion which the Court will not disturb. *See Weatherford,* 429 U.S. at 561.

Contrary to Petitioner's arguments, there is no indication that counsel would have secured a favorable plea agreement on his behalf because such is a matter of discretion on the part of the United States. The United States asserts that Rogers has not established that any plea offer made to Latanicia would inure to Rogers' benefit unless the case was resolved for both defendants.

(Ct. R., Doc. 151, p. 13.)  Royals communicated the offer to resolve Rogers' case in exchange for his testimony against Latanicia, but Rogers declined, stating he would "rather go to jail than testify against his wife."  (Ct. R., Doc. 150, p. 1.)  Royals fulfilled his duty as Rogers' attorney by communicating the terms of the offer made to Rogers, and there is no evidence of ineffective assistance of counsel based on the claim that Royals did not communicate the terms of any plea agreement offered to Latanicia.  *Frye*, 132 S.Ct. at 1408.

Moreover, there is no indication in the record that Royals failed to convey an offer made by the United States.  Vague, conclusional, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim.  *United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007).  Rogers would not have received the same sentence as Latanicia because Latanicia was found to have been an organizer or leader in the criminal activity for sentencing purposes.  (Ct. R., Doc. 111 [SEALED], p. 16.)  Rogers was sentenced as a manager or supervisor, but not an organizer or leader, and, accordingly, did not receive the same base level adjustment as Latanicia.  (Ct. R., Doc. 110 [SEALED], p. 16.)  Latanicia's adjusted offense level was higher than that of Rogers.  (Ct. R., Doc. 111, p. 16.)  Rogers cannot demonstrate that but for Royals' alleged deficiencies that he would have received the same sentence as Latanicia.  The Court, therefore concludes that Rogers' claims advanced as grounds for relief in his first claim lack merit.

The second grounds for relief advanced by Rogers is that his Sixth Amendment rights were violated when Royals "failed to object to the District Court's denial of Latanicia Rogers' affidavit which had reliable statement that could have favored him."  (Ct. R., Doc. , p. 5.)  In fact, Latanicia decided to withdraw her sponsorship of the affidavit, making the affidavit

incompetent evidence, which the Court did not admit. *See Okoye v. University of Texas Houston Health Science Center*, 245 F.3d 507, 515 (5th Cir. 2001). An attorney's failure to raise a meritless argument cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). The Court finds no grounds for *habeas* relief based on this argument.

Finally, Rogers asserts that the Court exceeded its limits for cautioning Latanicia about the consequences of sponsoring the aforementioned affidavit. (Ct. R., Doc. , p. 14.) A district court's technical application of the United States Sentencing Guidelines does not give rise to a constitutional issue cognizable under § 2255. *See United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 1994). In addition, Rogers advanced this argument in his appeal and the contention was found to lack merit by the Court of Appeals. *Rogers*, 428 Fed. Appx. at 315. This issue, therefore, cannot constitute grounds for relief under § 2255.

No hearing is necessary on a § 2255 motion "if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record." *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981), *cert. denied*, 456 U.S. 934 (1982).

Rogers' claim fails because it is wholly speculative and conclusional. There are simply no facts to support the existence or the terms of a more favorable plea offer from the United States, as Rogers alleges. As a result, the Court finds no merit to Rogers' attempt to attack the professional competence of his attorney and further finds no reason to conclude that "but for" the performance and advice of Royals, Rogers was convicted of a crime in which he had no involvement. The Court concludes that Rogers fails to meet the first prong of *Strickland* in this

claim, and has not shown that Royals' performance was deficient.  Furthermore, Rogers failed to make the requisite showing that his defense was prejudiced by Royals' actions.  *Strickland*, 466 U.S. at 694.  Rogers cannot establish how Royals was ineffective, other than to surmise that his sentence should be lesser.  Accordingly, the Court finds no grounds for granting *habeas* relief on Rogers' claims of ineffective assistance of counsel.

## Certificate of Appealability

The Court reviewed the merits of Rogers' claims and found that the claims lack merit.  An appeal may not be taken to the court of appeals from a final order in a *habeas corpus* proceeding "unless a circuit justice or judge issues a certificate of appealability" [COA].  28 U.S.C. § 2253(c)(1)(A); *see Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).

To warrant a grant of a COA as to claims when "a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Brown v. Thaler*, 684 F.3d 482, 487 (5th Cir. 2012).  The Court concludes that reasonable jurists could not debate the denial of Rogers' § 2255 motion on any grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El,* 537 U.S. at 327.  Accordingly, the Court finds that Rogers is not entitled to a COA.  The Court further finds no grounds for granting *habeas* relief on Rogers' claims.  It is

therefore,

ORDERED that Rogers' motions to vacate [146, 147] the previously imposed sentence be, and are hereby, denied. It is further,

ORDERED that Rogers is not entitled to a COA. It is further,

ORDERED that this cause be dismissed with prejudice.

SO ORDERED, this the 12th day of December, 2012.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE